**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN SOMREK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) NO. |
| | ) |
| PILOT TRAVEL CENTERS LLC, d/b/a | ) |
| PILOT FLYING J, a Tennessee Corporation, | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

TO: The United States District Court for the Northern District of Illinois.

     Plaintiff's Counsel:   Tod Rottman
                                     Gordon Law Offices, Ltd
                                     111 W. Washington, Suite 1240
                                     Chicago, IL 60602
                                     P: (312) 332-5200
                                     thr@gordonlawchicago.com

NOW COMES Defendant, , PILOT TRAVEL CENTERS LLC d/b/a PILOT FLYING J, by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and pursuant to 28 U.S.C. §1441, 28 U.S.C. §1446, and 28 U.S.C. § 1332, hereby files its Notice of Removal of this cause to the United States District Court for the Northern District of Illinois, from the Circuit Court of Cook County, Illinois, and respectfully states:

     1.     On October 5, 2020, Plaintiff filed an action in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois, entitled *Brian Somrek v*, *PILOT TRAVEL CENTERS LLC d/b/a PILOT FLYING J*, Case No. 2020 L 0000338. (*See Complaint*, attached as **Ex. A**.) Defendant, , PILOT TRAVEL CENTERS LLC d/b/a PILOT FLYING J, in said action now files this Notice of Removal. Upon receiving a file-marked copy thereof, Defendant will serve this Notice of Removal

4836-1895-5728.3

upon Plaintiff as well as file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois.

2. A summons and copy of the Complaint was served on , PILOT TRAVEL CENTERS LLC d/b/a PILOT FLYING J on October 9, 2020. Accordingly, this Notice of Removal is timely filed within the 30 day deadline.

3. Plaintiff is a citizen of the state of Illinois and currently resides and has resided in Illinois.

4. Pilot Travel Centers LLC d/b/a Pilot Flying J is a privately held company incorporated in the state of Delaware. Its principal place of business is located in the State of Tennessee, with its headquarters located at 5508 Lonas Drive, Knoxville, Tennessee 37909. Therefore, ET Transport is a citizen of Tennessee and Delaware.

6. The Complaint alleges that Plaintiff suffered personal injury when he slipped and fell while on property owned by Pilot Travel Centers d/b/a Pilot Flying J located at 16049 Willowbrook Rd., South Beloit, Winnebago County, IL.

7. The Defendant's counsel herein has a good faith belief that the amount in controversy in this cause exceeds $75,000.00. Plaintiff alleges that he sustained injuries of a personal and pecuniary nature that exceed the jurisdictional minimum of the Seventeenth Judicial Circuit Court of Winnebago County. Plaintiff has demanded judgment in excess of $50,000.00. Moreover, based on the allegations in the Complaint, Plaintiff is claiming he suffered severe and serious injuries and will continue to suffer injuries of a personal and pecuniary nature. In addition, Defendant's counsel believes that Plaintiff suffered injuries to his head and knee which he has attempted to confirm with Plaintiff's counsel. However, Plaintiff's counsel has not provided any documentation or an assurance that Plaintiff would be seeking $75,000.00 or less in damages.

4836-1895-5728.3

8. Because this controversy is entirely between citizens of different states diverse from the Plaintiff and the forum, and the amount in controversy exceeds $75,000, Defendant desires to remove said cause from the Seventeenth Judicial Court of Winnebago County, Illinois to the United States District Court for the Northern District of Illinois based on diversity jurisdiction.

WHEREFORE, Defendant, Pilot Travel Centers, respectfully request that this case proceed before the United States District Court for the Northern District of Illinois as an action properly removed.

Respectfully submitted,

*/s/ Scott C. Bentivenga*
Scott C. Bentivenga (ARDC No. 6198298)
Robert F. Kunkel (ARDC No. 6300269)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Scott.Bentivenga@lewisbrisbios.com
Robert.Kunkel@lewisbrisbios.com

4836-1895-5728.3

*EXHIBIT A*

DOC ID: 10569575
CASE NO: 2020-L-0000338
DATE: 9/24/2020 4:16 PM
BY: A H, DEPUTY

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

| | |
|---|---|
| BRIAN SOMREK ) | |
| ) | |
| Plaintiff, ) | No. 2020-L-0000338 |
| ) | |
| v. ) | |
| ) | |
| PILOT TRAVEL CENTERS LLC, ) | |
| d/b/a PILOT FLYING J ) | |
| a Tennessee Corporation; ) | |
| ) | Amount claimed: In Excess of $50,000 |
| Defendant. ) | DEMAND TO BE HEARD BY A JURY |
| ) | OF TWELVE |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN SOMREK ("Plaintiff"), by and through his attorneys, GORDON LAW OFFICES, LTD., and complains of Defendants, PILOT TRAVEL CENTERS LLC. d/b/a PILOT FLYING J ("Defendant"), a Tennessee Corporation, states as follows;

### COUNT I NEGLIGENCE

1. At all times relevant, Plaintiff was a citizen of Kane County, Illinois, residing in South Elgin, Illinois.

2. At all relevant times, Defendant was a Tennessee Corporation, that conducted business in Winnebago County, Illinois.

3. At all relevant times, Defendant owned, operated, and controlled the Pilot Flying J Travel Center at 16049 Willowbrook Rd., South Beloit, Winnebago County, Illinois ("Premises").

4. On January 23, 2020, Defendant owed a duty to the general public and its invitees, including Plaintiff, to maintain a safe method of ingress and egress for its Premises.

5. On January 23, 2020, Plaintiff was lawfully present on said Premises as a business invitee.

6. At all relevant times, Plaintiff exercised due care and caution for his own safety.

7. At all times relevant, Defendant had a duty to Plaintiff to keep it's areas of ingress and egress to its Premises free of slip and trip hazards, to maintain its Premises in a reasonably safe condition, and to exercise ordinary care to protect invitees from unreasonable risks known to the possessor, or that should have been known with the exercise of reasonable care.

8. At all times relevant, Defendant had a duty to warn invitees of dangers that are known, or should have been known with the exercise of reasonable care, and a duty to inspect the Premises to discover possible dangers of which they are not aware.

9. Notwithstanding said duty, Defendant by and through its agents, servants and/or employees, negligently allowed snow and/or ice to unnaturally accumulate in areas of ingress and egress for the Premises.

10. On the aforementioned date, time, and place, Plaintiff was caused to slip and fall on an unnatural accumulation of ice and sustained severe and serious injuries.

11. At all times relevant, the Defendant, as the owner and/or maintainer of the aforementioned Premise, either individually or by and through its agents, servants and/or employees, acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to properly operate, manage, maintain and control its premises in allowing ice and snow to unnaturally accumulate on the premises and allowed the premises to remain in a dangerous and poor condition;

   b. Failed to clear, remove, or otherwise clear unnatural accumulations of ice and snow from the premises in a manner that would ensure the premises was safe for those lawfully present;

   c. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;



d. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

e. Allowed snow and/or ice to unnaturally accumulate on the premises and/or allowed the premises to remain in a dangerous and/or poor condition, making the ingress and egress unfit for passage for an unreasonable length of time;

f. Caused snow and/or ice to unnaturally accumulate on the premises and/or allowed the premises to remain in a dangerous and/or poor condition, making the ingress and egress unfit for passage for an unreasonable length of time;

g. Was otherwise careless and negligent in the operation of its premises.

12. As a direct and proximate result of one or more of the foregoing acts or omissions of Defendant, Plaintiff suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, BRIAN SOMREK, demands judgement against Defendant, PILOT TRAVEL CENTERS LLC. d/b/a PILOT FLYING J, a Tennessee Corporation, in an amount in excess of $50,000.00, plus costs.

## COUNT II PREMISES LIABILITY

13. Plaintiff re-alleges and restates Paragraphs 1-12 of this Complaint as though fully set forth herein Paragraph 13 of this Count II.

14. On January 23, 2020, Defendant owed a duty to the general public and its invitees, including Plaintiff, to maintain a safe method of ingress and egress for its Premises.

15. On January 23, 2020, Plaintiff was lawfully present on said Premises as a business invitee.

16. At all relevant times, Plaintiff exercised due care and caution for his own safety.

17. At all times relevant, Defendant had a duty to Plaintiff to keep it's areas of ingress and egress to its Premises free of slip and trip hazards, to maintain its Premises in a reasonably safe condition, and to exercise ordinary care to protect invitees from unreasonable risks known to the possessor, or that should have been known with the exercise of reasonable care.

18. At all times relevant, Defendant had a duty to warn invitees of dangers that are known, or should have been known with the exercise of reasonable care, and a duty to inspect the Premises to discover possible dangers of which they are not aware.

19. Notwithstanding said duty, Defendant by and through its agents, servants and/or employees, negligently allowed snow and/or ice to unnaturally accumulate in areas of ingress and egress for the Premises.

20. On the aforementioned date, time, and place, Plaintiff was caused to slip and fall on an unnatural accumulation of ice and sustained severe and serious injuries.

21. At all times relevant, the Defendant, as the owner and/or maintainer of the aforementioned Premise, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to properly operate, manage, maintain and control its premises in allowing ice and snow to unnaturally accumulate on the premises and allowed the premises to remain in a dangerous and poor condition;

   b. Failed to clear, remove, or otherwise clear unnatural accumulations of ice and snow from the premises in a manner that would ensure the premises was safe for those lawfully present;

   c. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;



d. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

e. Allowed snow and/or ice to unnaturally accumulate on the premises and/or allowed the premises to remain in a dangerous and/or poor condition, making the ingress and egress unfit for passage for an unreasonable length of time;

f. Caused snow and/or ice to unnaturally accumulate on the premises and/or allowed the premises to remain in a dangerous and/or poor condition, making the ingress and egress unfit for passage for an unreasonable length of time;

g. Was otherwise careless and negligent in the operation of its premises.

22. As a direct and proximate result of one or more of the foregoing acts or omissions of Defendant, Plaintiff suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, BRIAN SOMREK, demands judgement against Defendant, PILOT TRAVEL CENTERS LLC. d/b/a PILOT FLYING J, a Tennessee Corporation, in an amount in excess of $50,000.00, plus costs.

          Respectfully submitted:
          BRIAN SOMREK

          By:_____
                  One of His Attorneys

Tod Rottman
**Gordon Law Offices, Ltd.**
111 West Washington Street - Suite 1240
Chicago, Illinois 60602
(312) 332-5200
thr@gordonlawchicago.com
ARDC 6270528

DOC ID: 10569575
CASE NO: 2020-L-000338
DATE: 9/24/2020 4:16 PM
BY: A H, DEPUTY

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

| | | |
|---|---|---|
| BRIAN SOMREK | ) | |
| | ) | |
| Plaintiff, | ) | No. 2020-L-0000338 |
| | ) | |
| v. | ) | |
| | ) | |
| PILOT TRAVEL CENTERS LLC, | ) | |
| d/b/a PILOT FLYING J | ) | |
| a Tennessee Corporation; | ) | |
| | ) | Amount claimed: In Excess of $50,000 |
| Defendant. | ) | DEMAND TO BE HEARD BY A JURY |
| | ) | OF TWELVE |

### AFFIDAVIT

I, Tod Rottman, first being duly sworn on oath, depose and state as follows:

1. The damages claimed by the Plaintiff exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

FURTHER AFFIANT SAYETH NOT.

_____
Tod Rottman
Attorney for Plaintiff

### VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____
Tod Rottman